IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOB KING, | ) | |
| | ) | Civil Action No. 12 – 111J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| STEVEN R. GLUNT, Superintendent; | ) | |
| JENNEFER ROSSMAN, Unit Manager at SCI Houtzdale; CO 1 HENRY, Unit Manager at SCI Houtzdale; REESE, Unit Manager at SCI Houtzdale; BAILEY, Unit Manager at SCI Houtzdale; MARY JO BARBER, Unit Manager at SCI Houtzdale; and ROBERT BLAKE, Unit Manager at SCI Houtzdale, | ) ) ) ) ) ) ) ) ) ) ) | ECF No. 25 |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This case is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 25.) For the following reasons, the motion will be granted and Plaintiff's Complaint will be dismissed with prejudice.

### I. BACKGROUND

Bob King ("Plaintiff") is a former Pennsylvania state prisoner. He initiated this action in June 2012, while he was an inmate at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"). He has since been released from custody. In his Complaint (ECF No. 5), Plaintiff raises an Eighth Amendment claim based on his alleged exposure to second-hand smoke.

1

Defendants have filed a Motion to Dismiss the Complaint (ECF No. 25), to which Plaintiff has responded in opposition (ECF No. 29). The motion is now ripe for review.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, with disregard to his health and safety, Defendants permitted inmates to smoke in their cells despite the existence of a no-smoking policy and forced him to live with inmates who smoked. He alleges that he informed Defendants Bailey, Blake, Reese, Rossman, Henry, and Barber about his ongoing health problems (headaches and chest pain) and related risks due to exposure to second-hand smoke but nothing was ever done. Plaintiff filed a grievance regarding the issue and was informed by Defendant Glunt that inmates are not permitted to smoke in their cells and staff are to report smoking infractions and issue misconducts to inmates who do not comply. Despite this, Plaintiff states that staff did not report smoking infractions and allowed inmates to smoke in their cells in disregard to his health. Plaintiff states that he filed another grievance reporting a smoking infraction, and, although the infraction was confirmed, the inmate was not reprimanded. Plaintiff also states that he requested to be placed in a cell with a non-smoker but was informed by Defendant Rossman that it was extremely difficult for staff to make cell assignments based on smoking preference and that there was no cell available to place him. Plaintiff seeks injunctive relief as well as punitive and compensatory damages.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See* Id. at 1949-50; *see also* Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the United States Court of Appeals for the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and

publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

## IV. DISCUSSION

Plaintiff's claim invokes the protections of the Eighth Amendment, which requires that prisoners be provided with humane conditions of confinement. *See* Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Supreme Court has stated that a cause of action exists under the Eighth Amendment when a prisoner alleges that prison officials have, with deliberate indifference, exposed him to levels of Environmental Tobacco Smoke ("ETS") that pose an unreasonable risk of harm to his *future* health. Helling v. McKinney, 509 U.S. 25, 35 (1993) (concluding that prisoner stated a claim where he was forced to share a cell with a five-pack-per-day smoker); *see*

5

*also* Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003) (holding that a prisoner who claimed that he had shared a cell with constant smokers for many months stated a claim for a violation of a clearly established right). In Helling, the Supreme Court explained that the prisoner "must show that he himself is being exposed to unreasonably high levels of ETS" of which "the seriousness of the potential harm and likelihood of such injury to health will actually be caused by exposure to ETS" and is one of which society chooses not to tolerate. Helling, 509 U.S. at 35-36. The prisoner can also state an Eighth Amendment claim by alleging that prison officials, with deliberate indifference, exposed him to unacceptable levels of ETS which posed a risk to his *present* health. *See* Atkinson v. Taylor, 316 F.3d 257, 273 (3d Cir. 2003) (Ambro, J., dissenting in part) ("ETS claims . . . come in two varieties – present injury claims and future injury claims – and are measured by different standards"); Weaver v. Clarke, 45 F.3d 1253, 1256 (8th Cir. 1995) (distinguishing Helling on the basis that the prisoner in that case had alleged that prison officials were deliberately indifferent to the future health risks posed by his continued exposure to ETS but finding that Weaver had stated a claim based on deliberate indifference to existing health problems).

Pursuant to the above standards, Plaintiff must first allege sufficient facts to show that he was exposed to high levels of ETS that posed a risk of harm to his present or future health. Federal courts have found that prisoners have satisfied this first prong where an inmate alleged that ETS exacerbated severe chronic asthma, Alvarado v. Litscher, 267 F.3d 648, 653 (7th Cir. 2001); a prison doctor opinioned that an inmate required nonsmoking quarters, Whitley v. Hunt, 158 F.3d 882, 887-88 (5th Cir. 1998), *overruled on other grounds* by Booth v. Churner, 532 U.S. 731, 735 (2001); a prisoner alleged that he lived and worked in an environment filled with smoke, Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir. 1997); and where a prisoner

alleged to suffer severe health problems from rooming with a "heavy smoker," Weaver v. Clarke, 45 F.3d 1253, 1256 (8th Cir. 1995).

The Court is satisfied that Plaintiff has met this burden as he has alleged that the continued exposure to second-hand smoke within his cell caused him chest pains and headaches and resulted in numerous medical visits to the doctor. These allegations are similar to the plaintiff's allegations in Weaver, wherein he claimed to have suffered headaches, pain, and breathing difficulties from living in a cell with a heavy smoker. Accepting Plaintiff's allegations as true, as this Court is required to do at this stage of the proceeding, Plaintiff has sufficiently alleged that he was involuntarily exposed to levels of ETS that, in fact, harmed his then present health, or posed an unreasonable risk of serious damage to his future health. The Court, however, is not satisfied that Plaintiff has met his burden with respect to the deliberate indifference prong of the test.

The Supreme Court has rejected a reading of the Constitution that "would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions." Farmer v. Brennan, 511 U.S. 825, 838 (1994). The Court stated that "a prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts form which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Plaintiff alleges that he informed the unit manager Defendants about his second-hand smoke exposure and the health problems he was experiencing but no action was taken in response to any of his complaints and prison officials made no effort to enforce the no-smoking in cells policy. However, Plaintiff's exhibits rebut any assertion that Defendants were deliberately indifferent to

7

his complaints or any unreasonable health risk posed due to the exposure.[1] These exhibits demonstrate that Defendants made numerous attempts to accommodate Plaintiff's concerns with their limited resources and without Plaintiff's cooperation.

Along with his Complaint, Plaintiff submitted two grievances and two inmate requests to staff members regarding his ongoing troubles living with smokers. In a grievance Plaintiff filed in May 2011, he complained that he had been forced on numerous occasions to move into a cell with another inmate who smokes. (ECF No. 5-2 at 3.) In response to the grievance, Defendant Rossman advised Plaintiff that the inside of all buildings at SCI-Houtzdale have been designated non-smoking since 2008, and, based on this, inmates are not permitted to smoke in any housing unit. (ECF No. 5-2 at 2.) However, she stated that, due to limited bed space, it was extremely difficult for unit staff to make cell assignments based on smoking preference but that Plaintiff was free to find a non-smoker with whom he could sign a cell agreement at any time. Id. She further stated that Plaintiff had been informed of this opportunity on numerous occasions but had failed to take advantage of it. Id. Indeed, Plaintiff does not dispute such fact, and Plaintiff was again advised of such opportunity in response to his request to Defendant Rossman in August 2011 and to Defendant Henry in February 2012. (ECF No. 5-2 at 6-7.) In response to Plaintiff's other grievance filed in February 2012, Major Joel Barrows reported to Plaintiff's cell and verified that Plaintiff's cellmate was, in fact, smoking in the cell. (ECF No. 5-2 at 5.) The cellmate complied with a direct order to extinguish the cigarette and Plaintiff was relocated to a new cell with a non-smoking cellmate. Id.; *see also* (ECF No. 5-2 at 1.)

---

[1] When adjudicating a motion to dismiss under Rule 12(b)(6), a court may consider exhibits attached to a complaint. *See* Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 at n.2 (3d Cir. 1994).

Plaintiff has failed to allege sufficient facts that would allow the Court to draw a reasonable inference that Defendants acted with deliberate indifference and it is clear that he would be unable to do even if allowed to amend his Complaint. Plaintiff does not dispute that his institution had a policy which prohibited inmates from smoking within their housing units and provided that inmates would be disciplined if caught violating the policy. The responses to Plaintiff's grievances and requests indicate attentiveness to this policy. Inmates were allowed to report violators and they were disciplined if caught. When Plaintiff reported that his cellmate was violating the smoking policy, a prison official reported to his cell, confirmed the infraction, and provided Plaintiff with a new cell assignment. Moreover, even though inmates do not have a right to a cellmate of their choosing,[2] Plaintiff was allowed to find a non-smoking inmate who would agree to bunk with him. These actions do not suggest deliberate indifference, and, for this reason, the Court will grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice because it is clear that granting Plaintiff leave to amend would be futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).[3]

---

[2] *See* Harris v. Greer, 750 F.2d 617, 618 (7 Cir. 1984); Hayes v. Wimberly, 625 F. Supp. 967, 970 (E.D. Ark. 1986, *aff'd*, 815 F.2d 710 (8 Cir. 1987); Harvey v. Clay City Sheriff's Dept., 473 F. Supp. 741, 746 (W.D. Mo. 1979).

[3] Moreover, the Court notes that Plaintiff's request for injunctive relief is moot now that he is no longer incarcerated. *See* Marrie v. Nickels, 70 F. Supp. 2d 1252, 1259 (D. Kan. 1999); Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998).

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 25) will be granted and Plaintiff's Complaint will be dismissed with prejudice. A separate order will follow.

Dated: January 11, 2013

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Bob King
595 East 170th Street
Apt. 3N
Bronx, NY 10456
*Via U.S. Postal Mail*

Counsel of Record
*Via Electronic Mail*